MELISSA W. COOK, ESQ.; SBN 134791
mwccoast@aol.com
ERIN E. DAVIS, ESQ.; SBN 259453
ee.davis@sbcglobal.net
MELISSA W. COOK & ASSOCIATES
3444 Camino del Rio North, Suite 106
San Diego, California 92108
Telephone: (619) 280-4302
Facsimile: (619) 280-4304

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SAN DIEGO ELECTRICAL PENSION TRUST, BOARD OF TRUSTEES OF THE SAN DIEGO ELECTRICAL HEALTH & WELFARE TRUST, BOARD OF TRUSTEES OF THE SAN DIEGO ELECTRICAL TRAINING TRUST, BOARD OF TRUSTEES OF THE SAN DIEGO ELECTRICAL ANNUITY PLAN, BOARD OF TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, BOARD OF TRUSTEES OF THE EDUCATION AND MANPOWER DEVELOPMENT TRUST, BOARD OF TRUSTEES OF THE LABOR MANAGEMENT COOPERATIVE FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 569, and BOARD OF TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS COPE FUND,<br><br>Plaintiffs,<br><br>v.<br><br>ACTION ELECTRIC, INC., a California corporation,<br><br>Defendant. | Case No. '11CV0155 H NLS<br><br>COMPLAINT TO COLLECT DELINQUENT CONTRIBUTIONS, LIQUIDATED DAMAGES, INTEREST, ATTORNEYS FEES, COSTS AND AUDIT FEES; AND FOR ORDER FOR AUDIT<br><br>[ERISA §§ 515, 502(g)(2)]<br>[29 U.S.C. §§ 1145, 1132(g)(2)] |

Plaintiffs complain and allege as follows:

1. The Court has jurisdiction of this case under section 502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C. § 1132(e)), and under section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)).

2. Plaintiffs are the Trustees of SAN DIEGO ELECTRICAL PENSION TRUST, SAN DIEGO ELECTRICAL HEALTH & WELFARE TRUST, SAN DIEGO ELECTRICAL TRAINING TRUST, SAN DIEGO ELECTRICAL ANNUITY PLAN, NATIONAL ELECTRICAL BENEFIT FUND, BOARD OF TRUSTEES OF THE EDUCATION AND MANPOWER DEVELOPMENT TRUST, LABOR MANAGEMENT COOPERATIVE FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 569, and BOARD OF TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS COPE FUND. The SAN DIEGO ELECTRICAL PENSION TRUST serves as collecting agent for the NATIONAL ELECTRICAL BENEFIT FUND ("NEBF"), the EDUCATION AND MANPOWER DEVELOPMENT TRUST ("EMDT"), the LABOR MANAGEMENT COOPERATIVE FUND ("LMCF"), the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 569, and the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS COPE FUND. (hereinafter referred to collectively as the "Trust Funds"), which Trust Funds are duly organized and operating in this state.

3. The Trust Funds are administered in the City of San Diego, County of San Diego, State of California. Venue is therefore proper in this district under ERISA section 502(e)(2) (29 U.S.C. § 1132(e)(2)).

4. The Trust Funds were created and now exist pursuant to LMRA section 302(c) (29 U.S.C. § 186(c)) and are each part of a multi-employer plan as defined in ERISA section 3(37)(A) (29 U.S.C. § 1002(37)(A)) and as used in ERISA sections 515 and 502(g)(2) (29 U.S.C. §§ 1145, 1132(g)(2)).

5. Plaintiffs are informed and believe, and allege thereon, that Defendant

ACTION ELECTRIC, INC. ("Action" or "Defendant") is, and at all times relevant herein was, a corporation created and existing under the laws of the state of California, and that said Defendant currently does or at all times relevant herein conducted business in this State.

6. Plaintiffs are informed and believe, and allege thereon, that on or about **May 16, 1990**, Defendant, by and through an authorized agent, executed an agreement in writing entitled Letter of Assent. A copy of the Letter of Assent executed by Defendant is attached hereto as Exhibit "A" and incorporated herein by reference.

7. By the Letter of Assent, which incorporated the terms and provisions of the Collective Bargaining Agreement between the International Brotherhood of Electrical Workers Local 569 and the San Diego chapter of the National Electrical Contractor's Association ("CBA") and the Declarations of Trust for each of the Trust Funds (the "Trust Agreements"), hereinafter collectively referred to as the "Agreements", and by the rules, regulations and procedure of the Trust Funds, and each of them, Defendant is required to submit monthly reports and pay to the Trust Funds, and each of them, certain sums per hour for each hour paid and/or worked during each month by electrical workers employed by Defendant (the "Contributions"). Said reports and Contributions were agreed to be due and payable on the 15th day of each month and would become delinquent on the 25th day of each month following the month in which said hours of work were performed. Defendant is required to submit the monthly reports even if no electrical worker is employed by Defendant.

8. Defendant agreed by the terms of the Agreements that the prompt payment of the Contributions to the Trust Funds required thereunder was essential to the operations of the Trust Funds. Defendant further agreed that it would be extremely difficult, if not impossible, to fix the actual damage to the Trust Funds which would result from the failure of Defendant to make the Contributions on or

before the 25th day of each month following the month of employment.

9. Defendant agreed by the terms of the Agreements that for delinquent Contributions owed to the SAN DIEGO ELECTRICAL PENSION TRUST, the SAN DIEGO ELECTRICAL HEALTH & WELFARE TRUST, the SAN DIEGO ELECTRICAL TRAINING TRUST, and the SAN DIEGO ELECTRICAL ANNUITY PLAN, interest at the rate of ten percent (10%) per annum on delinquent contributions, as well as liquidated damages of one and one-half percent (1½%) of the principal of the delinquent contributions would be assessed if payment is late one (1) to thirty (30) days, liquidated damages of three percent (3%) of the principal of the delinquent contributions if payment is late for thirty-one (31) to sixty (60) days, and that liquidated damages of one and one-half percent (1½%) will accrue for each additional thirty (30) days the payment is late, up to a maximum of eighteen percent (18%) per annum.

10. Defendant agreed by the terms of the Agreements that for delinquent contributions owed to the LMCF, liquidated damages in the amount of fifteen percent (15%) on the principal and interest of ten percent (10%) per annum on the principal amount of the delinquency would be assessed.

11. Defendant agreed by the terms of the Agreements that for delinquent contributions owed to the NEBF, liquidated damages in the amount of twenty percent (20%) on the amount found to be delinquent and interest of a ten percent (10%) annual rate compounded monthly on the principle amount of delinquent contributions would be assessed.

12. Plaintiffs are informed and believe, and thereon allege, that Defendant has failed to submit reports and properly pay fringe benefit contributions to Plaintiffs, as required by the Agreements, for the time period of at least July 2010 through the present. As a result, Defendant is in violation of ERISA section 515 (29 U.S.C. § 1145.)

13. By reason of the foregoing, Plaintiffs have been damaged in an amount

to be shown through proof at time of trial for the delinquent Contributions, and in an amount to be shown through proof at time of trial for liquidated damages due from Defendant.

14. Although Plaintiffs have demanded that Defendant pay these amounts, Defendant has failed and refused to pay these amounts to Plaintiffs.

15. Pursuant to the Agreements and ERISA section 502(g) (29 U.S.C. § 1132(g)), Plaintiffs are entitled to the Contributions, liquidated damages, interest, and attorney's fees and costs from Defendant.

16. The Agreements authorize Plaintiffs to examine and audit the book and records of Defendant to determine whether Defendant is making full and prompt payment of the Contributions to Plaintiffs. The Agreements further provide that in the event where an audit discloses that Defendant has failed to correctly report and pay the Contributions in accordance with the Agreements for reason other than clerical error or omission, Defendant shall be liable for an hourly charge for the audit, unpaid Contributions, liquidated damages, and reasonable attorney's fees and any other costs of collection.

17. The Agreements authorize Plaintiffs to examine and audit the books and records of Defendant to determine whether Defendant is making full and prompt payment of the Contributions to the Trust Funds. The Agreements further provide that in the event where an audit discloses that Defendants have failed to correctly report and pay the Contributions in accordance with the Agreements for reason other than clerical error or omission, Defendants shall be liable for an hourly charge for the audit, unpaid Contributions, liquidated damages, interest, reasonable attorney fees and any other costs of collection.

18. Although Plaintiffs have demanded that Defendant submit to an audit of its books and records, Defendant has failed and refused to allow Plaintiffs to do so.

19. The Agreements do not require Plaintiffs to exhaust administrative

remedies before initiating this action.

20. The Agreements are binding upon the heirs, executors, administrators, successors, purchasers, and assigns of Defendant, including any name or style under which business is conducted with respect to work covered by the Agreements.

WHEREFORE, Plaintiffs pray a judgment against Defendant as follows:

1. For principal amount to be shown through proof at time of trial, consisting of Contributions, liquidated damages, and interest assessed through the date of this Complaint;

2. For pre and post-judgment interest at the rate of ten percent (10%) per annum on all sums due;

3. For reasonable attorney's fees incurred herein;

4. For costs of lawsuit incurred herein;

5. For audit fees incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

Dated: January 24, 2011

MELISSA W. COOK & ASSOCIATES

By: ______________________
Melissa W. Cook
Erin E. Davis
Attorneys for Plaintiffs

# ATTACHMENT

**Plaintiffs:**

Board of Trustees of the San Diego Electrical Pension Trust
Board of Trustees of the San Diego Electrical Health & Welfare Trust,
Board of Trustees of the San Diego Electrical Training Trust,
Board of Trustees of the San Diego Electrical Annuity Plan,
Board of Trustees of the National Electrical Benefit Fund,
Board of Trustees of the Education and Manpower Development Trust,
Board of Trustees of the Labor-Management Cooperative Fund,
International Brotherhood of Electrical Workers Local 569, and
Board of Trustees of the International Brotherhood of Electrical Workers COPE Fund

# LETTER OF ASSENT--A

In signing this letter of assent, the undersigned firm does hereby authorize San Diego Chapter, N.E.C.A. as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved [2] Inside Wireman's agreement between the San Diego Chapter, N.E.C.A. and Local Union 569, IBEW. The Employer agrees that if a majority of its employees authorizes the Local Union to represent them in collective bargaining, the Employer will recognize the Local Union as the exclusive collective bargaining agent for all employees performing electrical sign and luminous tube industry work within the jurisdiction of the Local Union on all present and future jobsites. This authorization, in compliance with the current approved labor agreement, shall become effective on the[4] 16th day of May, 1990 . It shall remain in effect until terminated by the undersigned employer giving written notice to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

In accordance with Orders issued by the United States District Court for the District of Maryland on October 10, 1980, in Civil Action HM-77-1302, if the undersigned employer is not a member of the National Electrical Contractors Association, this letter of assent shall not bind the parties to any provision in the above-mentioned agreement requiring payment into the National Electrical Industry Fund, unless the above Orders of Court shall be stayed, reversed on appeal, or otherwise nullified.

SUBJECT TO THE APPROVAL OF THE INTERNATIONAL PRESIDENT, IBEW

...VED
... I. B. E. W.
JUN 6 1990
J. J. Barry, President
This approval does not make the International a party to this agreement

NAME OF FIRM

ACTION ELECTRIC CORPORATION
(type or print)

SIGNED FOR THE EMPLOYER

BY[6] Rory Craig
(original signature)

TITLE: Foreman

DATE: May 16, 1990

SIGNED FOR LOCAL UNION 569, IBEW

BY[6] Thomas M Rudeman
(original signature)

TITLE Business Manager

DATE: May 16, 1990

## INSTRUCTIONS

[1] NAME OF CHAPTER OR ASSOCIATION

Insert full name of NECA Chapter or Contractors Association involved.

[2] TYPE OF AGREEMENT

Insert type of agreement. Example: Inside, Outside Utility, Outside Commercial, Outside Telephone, Residential, Motor Shop, Sign, Tree Trimming, etc. The Local Union must obtain a separate assent to each agreement the employer is assenting to.

[3] LOCAL UNION

ert Local Union Number.

[4] EFFECTIVE DATE

Insert date that the assent for this employer becomes effective. Do not use agreement date unless that is to be the affective date of this Assent.

[5] EMPLOYERS' NAME

Print or type Company name.

[6] SIGNATURES

International Office copy must contain actual signatures-not reproduced-of a Company representative as well as a Local Union Officer.

A MINIMUM OF FOUR COPIES OF THE JOINTLY SIGNED ASSENTS MUST BE SENT TO THE INTERNATIONAL OFFICE FOR PROCESSING.

EXHIBIT A

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Board of Trustees of the San Diego Electrical Pension Trust (see Attachment)

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Melissa W. Cook & Associates 619-280-4302
3444 Camino del Rio N., Ste. 106, San Diego, CA 92108

## DEFENDANTS

Action Electric, Inc., a California corporation

County of Residence of First Listed Defendant: Orange
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'11 CV0155 H NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
29 U.S.C. Sections 1132 and 1145

Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 1/24/11

SIGNATURE OF ATTORNEY OF RECORD: Erin E. Davis

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______